# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CONVERGEONE, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:22-cv-02151-HLT-ADM** |
| **v.** | ) | |
| | ) | |
| **LOGICALIS, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION[1]

This matter comes before the court on plaintiff ConvergeOne, Inc.'s ("C1") motion to strike defendant Logicalis, Inc.'s ("Logicalis") counterclaims asserted in response to C1's second amended complaint. (ECF 113.) Rather than awaiting a response, the court will decide the motion *sua sponte* in order to expedite resolution of the issue of whether Logicalis's counterclaims should be a part of the case, particularly given the liberal standards for amending the pleadings and the fact that Logicalis filed its counterclaims on October 11 whereas C1 did not file the current motion until November 1. For the reasons discussed below, the court recommends that the assigned district judge grant C1's motion to strike without prejudice to Logicalis filing a motion for leave to file an amended answer and counterclaims in response to C1's second amended complaint.

---

[1] The court issues this order as a report and recommendation to the district judge because granting C1's motion to strike Logicalis's counterclaims is a dispositive ruling in the sense that it has the same effect as an order dismissing a claim (albeit without prejudice). *See* 28 U.S.C. § 636(b)(1)(A); D. KAN. RULE 72.1.1(d); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (holding that "motions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1)] subsection (A) are nevertheless to be treated as such a motion when they have an identical effect"); *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008) (noting "when the magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, several courts have found such a ruling to be dispositive" (internal citations omitted)).

I.      BACKGROUND

On April 21, 2022, C1 filed its complaint for injunctive relief and damages in which it asserted claims for breach of contract against individual defendants Hudson, Smith, and Smalley; tortious interference with contract by Logicalis; and unfair competition, unjust enrichment, and civil conspiracy by all defendants.  (ECF 1.)  On May 23, defendants filed an answer and affirmative defenses, but no counterclaim.  (ECF 26.)  On July 15, the court issued a preliminary injunction enjoining Hudson, Smith, and Smalley from "engaging in the same or substantially similar services or job duties for Logicalis that they performed during the last twelve months of their employment with C1 in the same geographic territory that they were responsible for at C1 for one year from their date of termination."  (ECF 61, at 25.)  Likewise, the court enjoined Logicalis from "employing Hudson, Smith, and Smalley in the same or substantially similar services or job duties that they performed during the last twelve months of their employment with C1 in the same geographic territory that they were responsible for at C1 for one year from their date of termination."  (*Id.*)

Before the court issued the preliminary injunction, C1 moved to amend its complaint "to include additional factual allegations in support of its previously asserted claims" and "to add David Heinen as an additional named defendant in this case" after C1 discovered that Heinen had begun working for Logicalis on or about June 20 "in direct violation of the non-competition agreement he entered into with C1."  (ECF 51 ¶¶ 2-4.)  The court granted the motion as unopposed, and C1 filed its amended complaint on July 1.  (ECF 52, 53.)  Defendants, instead of answering, moved to dismiss the amended complaint for lack of subject-matter jurisdiction on the grounds that it did not sufficiently allege the $75,000 amount-in-controversy requirement and also moved to dismiss C1's claims against Hudson and Smith under the doctrine of forum *non conveniens*

based on the forum selection clauses in those two defendants' agreements with C1.  (ECF 66.)  On

September 22, the court denied defendants' motion.  (ECF 92.)

Meanwhile, C1 moved for leave to file a second amended complaint "to include additional

factual allegations in support of its previously asserted claims" and to add a fifth former C1

employee, Jeffrey Whealen, as an additional named defendant because he allegedly "began

working for Logicalis and soliciting C1 customers in direct violation of the restrictive covenants

agreement he entered into with C1."  (ECF 90 ¶¶ 3-5.)  On September 26, the court granted the

motion and directed C1 to file its second amended complaint.  (ECF 95.)  The next day, C1 filed

its second amended complaint.  (ECF 96.)  On October 11, defendants timely responded to the

second amended complaint by filing an answer.  But, this time, Logicalis also asserted tortious

interference counterclaims arising out of C1's hiring of two former Logicalis employees.  (ECF

102.)   On November 1, C1 filed the current motion asking the court to strike Logicalis's

counterclaims on the grounds that Logicalis failed to seek leave to file its counterclaims pursuant

to Federal Rule of Civil Procedure 15(a)(2).  (ECF 113.)

## II.    ANALYSIS

C1 argues the court should strike Logicalis's counterclaims from defendants' pleading

because Logicalis did not obtain C1's consent or leave of the court to file its counterclaims, as is

required by Federal Rule of Civil Procedure 15(a)(2).  The question of whether a defendant that

timely files an answer to an amended complaint must obtain leave of court to also add

counterclaims presents an unsettled question.  *See Menapace v. Alaska Nat'l Ins. Co.,* No. 20-CV-

00053-REB, 2021 WL 2012324, at \*6 (D. Colo. May 20, 2021) ("Neither the Supreme Court nor

the Tenth Circuit has addressed whether a defendant may file amended counterclaims and new

affirmative defenses as of right in response to an amended complaint or whether and to what extent

they must seek leave to file an amended pleading pursuant to Rule 15(a)(2)." (citing cases that have considered the issue and "adopted divergent approaches")); *Digital Ally, Inc. v. DragonEye Tech., LLC*, No. 13-CV-2290, 2014 WL 2865592, at \*3-\*4 (D. Kan. June 24, 2014) (noting the procedural uncertainty of permitting defendant to file an amended counterclaim).

Federal courts have adopted varying approaches.  "Under the so-called permissive approach, a defendant served with an amended complaint may amend its answer without leave of court, regardless of the scope of the changes in the amended complaint." *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-CV-00139, 2013 WL 1194732, at \*2 (D. Utah Mar. 22, 2013).  Other courts have adopted the so-called "narrow approach," pursuant to which "courts permit such counterclaims as of right only if they directly relate to the changes in the amended complaint." *Id*. Most federal courts have struck a balance between the permissive and narrow approaches by adopting what has been referred to as the "moderate approach."  This approach permits the defendant to add additional affirmative defenses and/or counterclaims where the plaintiff's amended complaint "changes the theory or scope of the case." *Id*. at \*3.  But even this moderate approach has been applied in different ways.  Some courts applying the moderate approach have held that "a party may assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, regardless of whether the counterclaim relates to the changes made to the amended complaint." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104, 2020 WL 7332846, at \*3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020).  Other courts applying the moderate approach have held that, even where the plaintiff's amended complaint changes the theory or scope of the case, "the scope of permissible new counterclaims must reflect the breadth of changes in the amended complaint." *Id*. (internal quotations omitted).

Some courts have rejected all of these approaches in favor of what has been termed the "uniform" approach, which is "simply apply[ing] the Rule 15 standard equally to amended complaints and amended (or new) counterclaims." *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 179 (D. Mass. 2014); *Bibb County Sch. Dist. v. Dallemand*, No. 5:16-CV-549, 2019 WL 1519299, at *4 (M.D. Ga. Apr. 8, 2019); *Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491, 2017 WL 1025244, at *2 (W.D. Ky. Mar. 15, 2017); *Digital Ally, Inc.*, 2014 WL 2865592, at *3-*4.   Thus, under the uniform approach, a new or different counterclaim pleaded in response to an amended complaint still requires leave (or the opponent's written consent), just as an amended complaint does under Fed. R. Civ. P. 15(a)(2).[2]

Here, the court is persuaded that the "uniform" approach—which applies the Rule 15 standard equally to amended complaints and amended (or new) counterclaims—is superior to the other approaches.  This approach consistently applies the Rule 15 standard to amending pleadings that assert "a claim for relief," including both complaints and counterclaims.  This approach also avoids the potentially difficult determination (under the moderate approach) as to whether the amended complaint "changes the theory or scope of the case" and whether a counterclaim "responds" to the amended complaint.  Furthermore, this approach has practical benefits.  As the

---

[2] The Second Circuit recently acknowledged these four separate approaches but refused to adopt a single approach that should be applied in all cases.  *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 & n.12 (2d Cir. 2019).  Instead, the Second Circuit held that "resolution of this issue depends on how far into the litigation the new counterclaim is asserted." *Id*. at 100.  "If an amended answer with a new counterclaim is presented at an early stage of the litigation, the new counterclaim may normally be as broad as those filed in response to an original complaint." *Id*.  "At a late stage of the litigation, however, a new counterclaim that raises issues beyond the scope of the new claims made in the most recent amended complaint will usually cause escalating prejudice to the counterdefendant and undue expansion of litigation that the court is charged with managing" and thus "should normally not be permitted if it exceeds the scope of the plaintiff's new claims." *Id*.  The Tenth Circuit has not addressed this issue.

courts in *Digital Ally* and *Bern* pointed out, using this approach will "prevent a party from asserting new counterclaims that are made in bad faith, cause undue delay or prejudice, are futile, or abuse the legal process in some other way, and also has the virtues of simplicity and ease of application." *Digital Ally*, 2014 WL 2865592, at \*4; *Bern*, 25 F. Supp. 3d at 179.  For these reasons, the court recommends that the assigned district judge strike Logicalis's counterclaims and allow Logicalis to file a motion, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file an amended pleading to assert its counterclaims against C1.[3]

\*   \*   \*   \*   \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and D. KAN. RULE 72.1.4(b), Logicalis may file written objections to this report and recommendation within fourteen days after being served with a copy.  If Logicalis fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that C1's Motion to Strike Counterclaims of Defendant Logicalis (ECF 113) be granted and the counterclaims stricken from defendants' answer to C1's second amended complaint (ECF 102) for the reasons set forth above.

**IT IS FURTHER RECOMMENDED** that the motion to strike be granted without prejudice to Logicalis filing a motion for leave to file an amended answer and counterclaims in response to C1's second amended complaint.

---

[3] This approach addresses C1's concern that it was deprived of the opportunity to brief the court as to why the counterclaims are improper.  (*See* ECF 114, at 1-2, 6.)  Logicalis will have the opportunity to explain in its motion to amend why its proposed counterclaims are proper, to which C1 will then have an opportunity to respond.

**IT IS SO ORDERED.**

Dated November 7, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge