IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CONVERGEONE, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 2:22-cv-02151-HLT-ADM |
| v. ) | |
| ) | |
| **LOGICALIS, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Logicalis, Inc.'s ("Logicalis") motion for leave to add counterclaims. (ECF 127.) By way of this motion, Logicalis seeks to amend its answer to plaintiff ConvergeOne, Inc.'s ("C1") second amended complaint to add counterclaims against C1 for tortious interference with contractual relations and customer relationships, unfair competition, unjust enrichment, civil conspiracy, and injunctive relief. For the reasons discussed below, Logicalis's motion is granted.

**I.   BACKGROUND**

On April 21, 2022, C1 filed its complaint for injunctive relief and damages in which it asserted claims for breach of contract against individual defendants Hudson, Smith, and Smalley; tortious interference with contract by Logicalis; and unfair competition, unjust enrichment, and civil conspiracy by all defendants. (ECF 1.) On May 23, defendants filed an answer and affirmative defenses, but no counterclaim. (ECF 26.) On July 15, the court granted C1's motion for preliminary injunction that enjoined Hudson, Smith, and Smalley from "engaging in the same or substantially similar services or job duties for Logicalis that they performed during the last twelve months of their employment with C1 in the same geographic territory that they were

responsible for at C1 for one year from their date of termination." (ECF 61, at 25.) Likewise, the court enjoined Logicalis from "employing Hudson, Smith, and Smalley in the same or substantially similar services or job duties that they performed during the last twelve months of their employment with C1 in the same geographic territory that they were responsible for at C1 for one year from their date of termination." (*Id*.)

On June 30, C1 filed an unopposed motion to amend its complaint that added David Heinen as a named defendant after C1 discovered that Heinen had begun working for Logicalis on or about June 20 "in direct violation of the non-competition agreement he entered into with C1." (ECF 51.) The court granted the unopposed motion, and C1 filed its amended complaint on July 1. (ECF 52, 53.) Defendants then moved to dismiss the amended complaint for lack of subject-matter jurisdiction on the grounds that it did not sufficiently allege the $75,000 amount-in-controversy requirement and also moved to dismiss C1's claims against Hudson and Smith under the doctrine of forum *non conveniens* based on the forum selection clauses in their agreements with C1. (ECF 66.) On September 22, the court denied defendants' motion. (ECF 92.)

Meanwhile, on September 2, C1 moved for leave to file a second amended complaint to add a fifth former C1 employee, Jeffrey Whealen, as a named defendant because he allegedly "began working for Logicalis and soliciting C1 customers in direct violation of the restrictive covenants agreement he entered into with C1." (ECF 90 ¶¶ 3-5.) The court granted the motion, and, on September 26, C1 filed its second amended complaint. (ECF 95, 96.) On October 11, defendants timely responded to the second amended complaint by filing an answer. This time, Logicalis's responsive pleading also asserted counterclaims arising out of C1 hiring two former Logicalis employees. (ECF 102.) On November 1, C1 filed a motion to strike Logicalis's counterclaims on the grounds that Logicalis did not comply with Federal Rule of Civil Procedure

2

15(a)(2) by trying to file the counterclaims as a matter of right. (ECF 113.) On November 7, the undersigned issued a Report and Recommendation, which the district judge adopted, granting C1's motion to strike the counterclaims without prejudice to Logicalis filing a motion for leave to file an amended answer and counterclaims in response to C1's second amended complaint. (ECF 120, 148.) On November 15, Logicalis filed the current motion to leave to add counterclaims. (ECF 127.) C1 filed its opposition on November 29. (ECF 152.)[1] Logicalis file its reply the same day. (ECF 151.)

## II.     LEGAL STANDARD

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Under Rule 15(a), once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same). Whether to

---

[1] C1 filed its opposition to Logicalis's motion on November 23, but then filed a revised opposition on November 29 because C1's original opposition brief did not comply with court-ordered page limits. *(See* ECF 133, 141, 146, 150, 152.)

grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

## III. ANALYSIS

Logicalis has demonstrated good cause under Rule 16(b)(4) for moving to add its counterclaims after the November 1 deadline to amend the pleadings. Logicalis attempted to file those counterclaims as a matter of right when it timely filed its answer to C1's second amended complaint on October 11. (ECF 102.) C1 did not lodge any objection to this immediately, so as to put Logicalis on notice that it would need to obtain the court's permission to assert those counterclaims. Instead, C1 waited until November 1 to move to strike those counterclaims—the last day to file a response to the counterclaims *and* the deadline for motions to amend under the scheduling order. (ECF 113.) C1 contended that the court should strike the counterclaims because Logicalis did not obtain C1's consent or leave of court to file its counterclaims, as required by Fed. R. Civ. P. 15(a)(2). The undersigned ultimately agreed but noted that "[t]he question of whether a defendant that timely files an answer to an amended complaint must obtain leave of court to also add counterclaims presents an unsettled question," given that the Supreme Court and Tenth Circuit have not addressed the issue and federal courts have adopted varying approaches. (ECF 120.) Following the "uniform approach," the undersigned recommended that the assigned district judge strike Logicalis's counterclaims and allow Logicalis to file a motion for leave to file an amended pleading to assert its counterclaims. (*Id*.) About a week later, on November 15, Logicalis filed the current motion to leave to add counterclaims. (ECF 127.)

Based on this procedural history, the court finds that Logicalis has shown good cause to amend its answer and add counterclaims beyond the November 1 deadline to amend the pleadings because Logicalis acted with diligence. Indeed, it filed a pleading asserting these counterclaims

when it timely filed its answer to C1's second amended complaint on October 11. When it did so, Logicalis had a good faith belief that it could file the counterclaims as a matter of course given the unsettled question in the Tenth Circuit (and the disparate standards in other circuits) as to whether a defendant that timely files an answer to an amended complaint must obtain leave of court to also add counterclaims. And the only apparent reason Logicalis did not know that it needed to file a motion to amend before the deadline to amend the pleadings was because C1 waited to file its motion to strike until the very last day to file its responsive pleading, which also happened to be the last very day for the parties to amend their pleadings under the scheduling order. After C1 filed its motion to strike on November 1 and the court issued its report and recommendation on November 7, Logicalis promptly moved to amend to add its counterclaims on November 15. This demonstrates diligence.

    C1 also argues the proposed amendment will cause undue prejudice to C1 and that Logicalis is pursuing its counterclaims in bad faith. C1 points out that Logicalis's counterclaims arise under different agreements than those in C1's underlying claims, apply different state laws, and involve entirely different factual circumstances and witnesses. (ECF 152, at 6-7.) C1 argues these differences "will significantly increase the scope of discovery, add more complexities to [an] already complex case, will increase the burden on the Court, and will ultimately confuse and mislead the jury." (*Id.* at 6.) Although adding Logicalis's counterclaims will add complexities and increase the scope of discovery, C1 never explains how the amendment will unduly prejudice C1 or make the scheduling order deadlines "impossible to meet." (*Id.*) This case already involves multiple contracts, multiple parties, and multiple witnesses who will have to be deposed and ultimately testify at trial. The additional discovery needed to litigate Logicalis's counterclaims will increase the overall volume of discovery to be completed before discovery closes on February

24. But C1's argument on this point is disingenuous, given that it is C1 that chose to pursue a litigation strategy around this amendment that caused a nearly two-month delay in these counterclaims being formally added to the case. C1 could have used the last two months to begin conducting discovery on these counterclaims rather than using that time to try to delay or avoid the addition of these counterclaims—particularly given the liberal standards governing amendment of the pleadings. At this point, the parties have nearly two and a half months remaining in discovery, which should be adequate to complete discovery if the parties act with diligence.

Additionally, the court finds that allowing amendment furthers the interest of economy and efficiency. *Bank Midwest v. R.F. Fisher Elec. Co., LLC*, No. 19-2560, 2021 WL 38008, at *5 (D. Kan. Jan. 5, 2021). Logicalis undoubtedly will raise C1's hiring of these two former Logicalis employees during trial, and likely will pursue depositions of these employees during discovery in this case regardless of whether the court allows amendment. As between the two alternatives of Logicalis filing a separate action or permitting Logicalis to assert its counterclaims in this action, the latter is more economical and efficient for both the court and the parties.

Finally, C1 has failed to explain how Logicalis is acting in bad faith in bringing these counterclaims. Logicalis discovered that C1 hired two former Logicalis employees who were bound by restrictive covenants and raised its concerns with C1's counsel on August 23, 2022. Counsel corresponded in September about Logicalis's concerns, and C1 assured Logicalis it had taken steps "to look into any potential wrongdoing." (ECF 127, at 3.) But C1's assurances do not preclude Logicalis from bringing its counterclaims, nor does Logicalis's corporate testimony that "Logicalis does not enforce its non-compete agreements, only its non-solicitation agreements." (ECF 152, at 7-8.) C1 is free to offer evidence of these facts at trial, but they do not demonstrate bad faith by Logicalis.

Nevertheless, the court understands C1's concerns about meeting the scheduling order deadlines if the court allows these counterclaims, given that no discovery on the counterclaims has been taken yet, expert disclosures are due on December 30 and January 31, and discovery closes on February 24.  To address the practical realities of the current predicament, the court hereby imposes a 14-day (rather than 30-day) deadline for discovery responses relating to the counterclaims.  Further, to prevent last-minute deposition scheduling problems and ensure that depositions are scheduled before the February 24 discovery deadline, the court directs the parties to provide a schedule to the court by December 30, 2022, with a concrete plan to complete all depositions before the February 24 discovery deadline.

## IV.     CONCLUSION

Logicalis has demonstrated good cause under Rule 16(b)(4) for failing to move to amend to add its counterclaims before the November 1 deadline to amend the pleadings.  Leave to amend should be freely given when justice so requires under Rule 15(a)(2), and C1 has not shown that Logicalis's proposed counterclaims would unduly prejudice C1 or that they were asserted in bad faith.  Accordingly, the court grants Logicalis's motion for leave to add counterclaims.

**IT IS THEREFORE ORDERED** that defendant Logicalis, Inc.'s Motion for Leave to Add Counterclaims (ECF 127) is granted.  The court directs defendants to file their Amended Answer and Affirmative Defenses to Plaintiff's Second Amended Verified Complaint for Injunctive Relief and Damages, and Counterclaims for Injunctive Relief and Damages (ECF 127-1) as a separate docket entry within three days of the date of this Order.

**IT IS FURTHER ORDERED** that the parties must respond to any discovery requests relating to the counterclaims within **14 days** of service, rather than the 30 days allowed under the Federal Rules of Civil Procedure.

7

**IT IS FURTHER ORDERED** that the parties must file a status report with the court by **December 30, 2022**, with a concrete plan to complete all depositions before the February 24 discovery deadline.

**IT IS SO ORDERED.**

Dated December 5, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

8